8/27/2021 2:00 PM
Pat Tarin
DistrictClerk
Reeves County, Texas
Misty Thomas

CAUSE NO. **21-08-24103-CVR**

| | | |
|---|---|---|
| IVAN MAURICIO REYES | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 143 RD  JUDICIAL DISTRICT |
| | § | |
| ARSHDEEP SINGH LADHROIEA, | § | |
| LOPO FREIGHT INC, | § | |
| LIMIN YANG, and | § | |
| MINWAY TRUCKING INC | § | |
| *Defendants.* | § | REEVES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCLOSURES

TO THE HONORABLE JUDGE AND JURY OF THE COURT:

NOW COMES IVAN MAURICIO REYES, hereinafter "REYES," sometimes referred to  as "Plaintiff", and files this his *Original Petition* complaining of LOPO FREIGHT INC, hereinafter referred to as "LOPO" and its employees, partners, drivers, agents and/or representatives, including ARSHDEEP SINGH LADHROIEA, hereinafter referred to as "LADHROIEA," MINWAY TRUCKING INC, hereinafter referred to as "MINWAY," and its employees, partners, drivers, agents and/or representatives, including LIMIN YANG, hereinafter referred to as "YANG," and sometimes collectively referred to as "Defendants" and for numerous causes of action as hereinafter stated, would respectfully show, as follows:

## I.     DISCOVERY LEVEL

1.1     Discovery in this matter should be conducted under Level 3 pursuant to the Texas Rules of Civil Procedure.

## II.     PARTIES

2.1     Plaintiff IVAN MAURICIO REYES is an individual and resident of Lewisville, Texas.

2.2     Defendant ARSHDEEP SINGH LADHROIEA is an individual and resident of Fresno, California. Service of process may be effectuated by serving Defendant at 5323 W Garland Ave Fresno, California 93723 or wherever he may be found.

2.3      Defendant LOPO FREIGHT INC is a foreign corporation who regularly conducts business in the State of Texas.  Service of process may be effectuated by serving said business through its registered agent: SANDEEP SINGH DHALIWAL at 7328 W Browning Ave Fresno, California 93723 or wherever he may be found.

2.4     Defendant LIMIN YANG is an individual and resident of Diamond Bar, California. Service of process may be effectuated by serving Defendant at 2380 S Diamond Bar Blvd Diamond Bar, California 91765 or wherever he may be found.

2.5     Defendant MINWAY TRUCKING INC is a foreign corporation who regularly conducts business in the State of Texas. Service of process may be effectuated by serving said business through its registered agent: SUSAN MARTEL at 1441 Huntington Dr #259 South Pasadena, California 91030 or wherever she may be found.

### III.  JURISDICTION and VENUE

3.1     Venue is proper pursuant to Section 15.002(a)(1) of the Texas Civil Practice &

Remedies Code in that all or a substantial part of the events or omissions giving rise to

Plaintiff's claims occurred in Reeves County, Texas.

3.2     This Court has jurisdiction over Defendants because said Defendants purposefully

availed themselves of the privilege of conducting activities in the State of Texas and

established minimum contacts sufficient to confer jurisdiction over said Defendants and

the assumption of jurisdiction over Defendants will not offend traditional notions of fair

play and substantial justice and is consistent with the constitutional requirements of due

process.

3.3     Plaintiff would show Defendants had continuous and systematic contacts with the

State of Texas sufficient to establish general jurisdiction over said Defendants.

3.4     Furthermore, Plaintiff would show Defendants engaged in activities constituting

business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice

and Remedies Code, in that said Defendants committed a tort in whole or in part in Texas

and recruits or has recruited Texas residents for employment inside or outside this state.

Furthermore, Defendants have derived benefits, advantages and/or economic profits

from the State of Texas.  Additionally, Defendants regularly conduct business in the State

of Texas; thereby intending to serve the Texas market.

3.5     Plaintiff seeks monetary relief over $1,000,000.00.

IV.  NATURE OF CAUSE

4.1     Plaintiff brings this cause of action to recover damages for personal injuries, and

other damages sustained by him arising out of a motor vehicle collision occurring on or

about December 9, 2020 in or around Reeves County, Texas.

V.  FACTS

5.1     Plaintiff, REYES, was lawfully traveling eastbound on Interstate 20 in or near

Reeves County. REYES was operating his vehicle in a lawful and prudent manner while

exercising ordinary care for the safety of himself and those around him when suddenly

and without warning a tractor-trailer owned by Defendant MINWAY and operated by

Defendant YANG, an employee, partner, vice-principal, driver and/or agent of

Defendant MINWAY, was struck by a tractor-trailer owned by Defendant LOPO and

operated by Defendant LADHROIEA, an employee, partner, vice-principal, driver

and/or agent of Defendant LOPO.  As a result of the collision between Defendant YANG

and Defendant LADHROIEA, Defendant YANG's tractor-trailer collided with Plaintiff

REYES' tractor-trailer.  Defendants LADHROIEA and YANG failed to control their speed

and failed to control their respective vehicles, causing the collision made the basis of this

lawsuit and Plaintiff's resulting injuries.

At all times material herein, Defendants LADHROIEA and YANG had a duty to

exercise ordinary care and operate their respective vehicles reasonably and prudently.

Defendants LADHROIEA and YANG breached that duty when they failed to control

their speed and failed to maintain control of their respective vehicles. Because of Defendants' negligence, Plaintiff sustained serious and permanent injuries to his person.

## VI.  RESPONDEAT SUPERIOR

6.1     At the time of the collision described herein, Defendant LADHROIEA was the agent, driver, servant and/or employee of LOPO while acting within the course and scope of his employment as an agent, driver, servant and/or employee of LOPO. Defendant LADHROIEA was operating the tractor-trailer with the knowledge, consent and actual permission and/or implied permission of Defendant LOPO.

6.2     At the time of the collision described herein, Defendant YANG was the agent, driver, servant and/or employee of MIDWAY while acting within the course and scope of his employment as an agent, driver, servant and/or employee of MIDWAY. Defendant YANG was operating the tractor-trailer with the knowledge, consent and actual permission and/or implied permission of Defendant MIDWAY.

6.3     Accordingly, Defendants (LADHROIEA, LOPO,) (YANG, and MIDWAY) are joint and severally liable for all of Plaintiff's damages under the *Doctrine of Respondeat Superior* since the negligence of LOPO's and MIDWAY's employees, agents and/or representatives were a proximate cause of the damages and injuries described herein.

## VII.  AGENT(S)

7.1     In addition to and without waiving the foregoing, Plaintiff would show that at the time of the incident mentioned herein, Defendant LADHROIEA was an authorized agent

of Defendant LOPO while Defendant YANG was an authorized agent of Defendant

MIDWAY and were acting within the course and scope of their implied and/or express

authority as such agents. Therefore, Defendants, (LADHROIEA and LOPO,) and (YANG

and MIDWAY,) are joint and severally liable for Plaintiff's damages arising under the

*Doctrine of Respondeat Superior.*

## VIII.  JOINT-VENTURE/ JOINT-ENTERPRISE

8.1      At all times mentioned herein, Defendants were engaged in a joint-venture

enterprise in that Defendants' employees, partners, drivers, representatives and/or

agents were in route to further the business of LOPO and MIDWAY individually.  All

Defendants, LADHROIEA, LOPO, YANG, and MIDWAY, shared control of their

respective tractor-trailers at the time of the incident described herein. LADHROIEA and

YANG by physically operating the tractor-trailers and LOPO and MIDWAY by planning

their course of travel by directing the former as to the route and times to be allowed in

furtherance of their mutual enterprises. Hence, Defendants are joint and severally liable

for Plaintiff's damages.

## IX.  NEGLIGENCE (LADHROIEA/YANG)

9.1      Plaintiff would show that on the occasion in question, Defendants LADHROIEA

and YANG were negligent in various acts and omissions, including but not limited to the

following, said negligence being a proximate cause of the collision in question:

   1.   In failing to keep a proper lookout for Plaintiff;

2.  In operating the tractor-trailer at an unsafe and excessive speed;

3.  In failing to control their speed;

4.  In operating the tractor trailer in a manner which posed a danger to the traveling public;

5.  In failing to maintain and/or control the speed of the tractor-trailer Defendants were driving as a reasonable and prudent driver would have done under the same or similar circumstances;

6.  In failing to properly operate the tractor-trailer in order to avoid the collision in question;

7.  In failing to take evasive action in order to avoid the collision;

8.  In failing to maintain proper control of their tractor-trailers;

9.  In operating the tractor-trailer against the rules and regulations of the Texas Department of Public Safety;

10. In failing to timely apply the brakes to the tractor-trailer; and

11. In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401, VTCS.

9.2    Each and all of the above and foregoing acts, both of omission and commission constituted negligence, and were a proximate cause of the serious and permanent injuries suffered by Plaintiff and made the basis of this suit for damages.

X.  NEGLIGENCE PER SE (LADHROIEA/YANG)

10.1    Plaintiff would further show that Defendants LADHROIEA and YANG were negligent per se as a matter of law in driving their tractor-trailers upon a public street in a reckless manner:

1.  V.T.C.A., Transportation Code, Section 545.351(b)(2) states in relevant part that: "A person commits an offense if the person fails to control the speed of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances"; and,

2.  Transportation Code § 545.401, VTCS states: "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."

10.2   Plaintiff is among those persons intended to be protected by Vernon's Texas Civil Statutes, Texas Transportation Code § 545.351(b)(2), and § 545.401.   Defendants LADHROIEA and YANG failed to comply with the provisions of said statutes and the violations constitute negligence per se, as a matter of law. Plaintiff reserves the right to amend this petition upon the discovery of further statutory violations.

## XI.  NEGLIGENT ENTRUSTMENT AND HIRING (LOPO/MIDWAY )

11.1   In addition to and without waiving the foregoing, Plaintiff would show that at the time of the incident in question, Defendants LOPO/MIDWAY and LADHROIEA/YANG maintained mutual control over the tractor-trailers LADHROIEA and YANG were operating.  On and before December 9, 2020, Defendants LOPO and MIDWAY were negligent in hiring, entrusting and supervising Defendants LADHROIEA and YANG and in providing a dangerous instrument eg. the tractor-trailer, to Defendants LADHROIEA and YANG for the purpose of operating same on the public highways, roadways, and streets of Texas in furtherance of Defendants LOPO and MIDWAY's business and profits.  Thereafter, Defendants LADHROIEA and YANG operated the

tractor-trailers with the full knowledge, consent and permission of Defendants LOPO and

MIDWAY.  At all times herein, Defendants LADHROIEA and YANG were incompetent

and unfit to safely operate a tractor-trailer on and the public streets and highways of any

state or country. Further, Defendants LOPO and MIDWAY knew, or should have known

that Defendants LADHROIEA and YANG were incompetent, reckless and unfit drivers

in that they would create or pose an unreasonable risk of danger to persons and property

on the public streets and highways of the State of Texas.

 11.2   In addition, Defendants LOPO and MIDWAY were negligent in various acts and

omissions, including but not limited to the following:

     1.     In the hiring of Defendants LADHROIEA and YANG;

     2.     In failing to properly investigate Defendants LADHROIEA and YANG's driving ability, prior employment history and driving history;

     3.     In failing to properly train Defendants LADHROIEA and YANG to drive Defendants' LOPO and MIDWAY's tractor-trailers in a safe and prudent manner;

     4.     In failing to properly supervise Defendants LADHROIEA and YANG to ensure that they would operate Defendants' LOPO and MIDWAY's tractor-trailers in a safe and prudent manner;

     5.     In failing to make a prudent inquiry into the driving competency of Defendants LADHROIEA and YANG;

     6.     In entrusting the vehicle driven by Defendants LADHROIEA and YANG on the occasion in question in that LADHROIEA and YANG were unskilled, incompetent and reckless drivers, of which LOPO and MIDWAY knew or through the exercise of ordinary care, should have known; and

7.    In allowing Defendants' LOPO and MIDWAY'S tractor-trailerS to have been operated on the occasion in question by an individual, i.e., LADHROIEA and YANG, who were not properly qualified to operate such tractor-trailers.

11.3   Each and all of the above foregoing acts, constituted negligence and were a contributing proximate cause of the collision and damages made the basis of this suit.

## XII.  PERSONAL INJURY DAMAGES

12.1   Plaintiff, REYES, would show that as a proximate cause of Defendants' negligence, he has suffered serious and permanent injuries to their persons.  Plaintiff will plausibly continue to suffer for an extended period of time. Plaintiff's injuries have had a serious effect on both his health and well-being. Plaintiff's ill effects have, in turn, caused his physical and mental conditions to deteriorate generally so that the specific injuries and ill effects alleged have caused and will in all reasonable probability cause him to suffer the consequences and ill effects of such deterioration throughout his body long into the future, if not for the balance of his natural life for which the Plaintiff hereby sue the Defendants in an amount the Jury deems just and fair.

12.2   Plaintiff, REYES, would show that as a result of the above described injuries, he has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; (d) loss of wages and a loss of wage earning capacity in the past and future; and, (e) necessary and reasonable medical expenses in the past.

As a further result of the physical injuries sustained by the Plaintiff, there is a

reasonable probability that he will incur additional necessary expenses for medical care and attention in the future, all for which the Plaintiff hereby sues Defendants in an amount within the jurisdictional limits of the Court.

## XIII.  INITIAL DISCLOSURE

13.1    Pursuant to Tex. R. Civ. P. 194, Defendants must disclose, within thirty, (30) days after the filing of the first answer, the information or material described in Rule 194.2(b) (1)-(12).

## XIV.  PRE-JUDGMENT AND POST-JUDGMENT INTEREST

14.1    Plaintiff further alleges that he is entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by Section 304.001 *et. Seq.* of the Texas Finance Code, VTCS.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that all Defendants be cited to appear and answer herein, that upon a final trial of this cause, Plaintiff recovers judgment against Defendants, joint and severally, for all Plaintiff's damages as set forth herein; that Plaintiff recovers pre-judgment and post-judgment interest at the legal rate, costs of court and for such other and further relief to which the Plaintiff may be entitled under equity and in law.

[signature on next page]

Respectfully Submitted,

Nevárez Law Group, P.C.
780 Rio Grande St.
Eagle Pass, Texas 78852
Telephone:  830.776.7003
Telecopier:  830.776.7004

By: _____
       Alfonso Nevárez C.
       State Bar No. 24005376
       anc@nevarezlawgroup.com
       Mariliza V. Williams
       State Bar No. 24084651
       mvw@nevarezlawgroup.com

Attorneys for Plaintiff

JURY DEMAND

NOW COMES the Plaintiff in the above-styled and numbered cause and with all respect request a trial by a fair and impartial Court and Jury as is guaranteed by the United States of America and the State of Texas Constitutions.

_____
Mariliza V. Williams

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Monica Rodriguez on behalf of Mariliza Williams
Bar No. 24084651
mr@nevarezlawgroup.com
Envelope ID: 56734635
Status as of 8/27/2021 2:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alfonso Nevarez | | anc@nevarezlawgroup.com | 8/27/2021 1:55:29 PM | SENT |
| Mariliza V.Williams | | mvw@nevarezlawgroup.com | 8/27/2021 1:55:29 PM | SENT |
| Monica Rodriguez | | mr@nevarezlawgroup.com | 8/27/2021 1:55:29 PM | SENT |
| Carmen Menchaca | | cm@nevarezlawgroup.com | 8/27/2021 1:55:29 PM | SENT |